Matter of Kalba (2018 NY Slip Op 05764)





Matter of Kalba


2018 NY Slip Op 05764


Decided on August 15, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN
HECTOR D. LASALLE, JJ.


2016-07931

[*1]In the Matter of Stephen E. Kalba, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Stephen E. Kalba, respondent. (Attorney Registration No. 4708863)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion dated February 10, 2017, this Court authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based upon the acts of professional misconduct set forth in a verified petition dated July 26, 2016. By decision and order on application dated July 10, 2017, this Court referred the issues raised in the Grievance Committee's statement of disputed and undisputed facts dated May 18, 2017, as well as any evidence in mitigation and/or aggravation to the Honorable Charles J. Thomas, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 27, 2009.



Diana Maxfield Kearse, Brooklyn, NY (Thomas Graham Amon of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the petitioner) served the respondent with a notice of petition dated February 22, 2017, and a verified petition dated July 26, 2016, containing one charge of professional misconduct. The respondent served and filed a verified answer dated April 10, 2017. After a preliminary conference held on September 28, 2017, and a hearing conducted on November 15, 2017, the Special Referee submitted a report, in which he sustained the single charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. Although served with the instant motion, the respondent has not submitted a response nor requested additional time in which to do so.
Charge one alleges that the respondent misappropriated escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In July 2014, the respondent represented Keith Palmero in the sale of real property. On July 8, 2014, the respondent deposited a down payment check in the amount of $12,500, which he received from the prospective buyer, into his escrow account at Astoria Bank entitled "Stephen E. Kalba Attorney Escrow Account" (hereinafter the escrow account). Pursuant to the Palmero contract of sale, the down payment was to be held in the respondent's escrow account until the sale was completed. Thereafter, between July 2014 and September 2014, the respondent made cash withdrawals from his escrow account, all for his own personal use. As a result, by September 30, [*2]2014, the escrow account balance was $4.72, well below the $12,500 he was required to maintain for this transaction.
At the hearing, the petitioner submitted into evidence copies of the respondent's escrow account bank statements for the period June 30, 2014, through September 30, 2014. As reflected therein, beginning the day following the deposit of the subject down payment and continuing over the next three months, the respondent made 53 cash withdrawals from the escrow account. The respondent explained that he was unable to work in the summer of 2014, as he became the primary caretaker for his son (then age 11), and he used the down payment funds to pay his expenses. He testified that he knew his conduct was wrong, and that it was "obviously not the best thing to do, there were obviously better options, but it was just a quick solution." When the Palmero sale was not consummated, in November 2014, the respondent returned the down payment funds to the buyer. The respondent expressed regret for his actions, and claimed that such conduct will never be repeated.
In view of the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained the single charge. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline to impose, we have considered, in mitigation, that the respondent restored the misappropriated funds when the Palmero sale was not consummated, his expression of remorse, and his unblemished disciplinary history. Notwithstanding the mitigation presented, we find that the respondent's misappropriation of escrow funds for his own personal purposes warrants a suspension from the practice of law for a period of two years (see Matter of Weiss, 157 AD3d 87).
SCHEINKMAN, P.J., RIVERA, DILLON, BALKIN and LASALLE, JJ., concur.
ORDERED that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Stephen E. Kalba, is suspended from the practice of law for a period of two years, commencing September 14, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 13, 2020. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Stephen E. Kalba, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Stephen E. Kalba, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Stephen E. Kalba, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court